(No. 33513.—)

THE PEOPLE *ex rel.* Milan Ponak, Plaintiff in Error, *vs.* JOSEPH D. LOHMAN (Successor to John E. Babb), Sheriff, Defendant in Error.

*Opinion filed November 23, 1955*

BREEN, BRUMLIK and SCHAFFENEGGER, of Chicago, for plaintiff in error.

LATHAM CASTLE, Attorney General, of Springfield, and JOHN GUTKNECHT, State's Attorney, of Chicago, (FRED G. LEACH, GEORGE W. SCHWANER, JR., IRWIN D. BLOCH, JOHN T. GALLAGHER, RUDOLPH L. JANEGA, WILLIAM L. CARLIN, and BERNARD DEENY, of counsel,) for defendant in error.

Mr. CHIEF JUSTICE HERSHEY delivered the opinion of the court:

Milan Ponak, herein called the relator, seeks a reversal of a judgment of the criminal court of Cook County, which in an extradition proceeding quashed a writ of *habeas corpus* and remanded him to the custody of the sheriff of Cook County, to be delivered to an agent of the State of Florida.

The issues in the case, properly raised by the pleadings, parallel the defenses which the relator was entitled to raise by statute (Ill. Rev. Stat. 1953, chap. 60, par. 2) : (1) Are the requisition and papers in regular and legal form? (2) Is the relator the particular person named in the requisition, indictment or affidavit or in the warrant issued by the Governor? (3) Is the relator substantially charged with a crime against the laws of the demanding State? (4) Is the relator a fugitive from justice of the demanding State?

The relator claims that he was not afforded a complete hearing on the issues in the case since the trial court misconceived the scope of its jurisdiction. The following statement of the court is referred to in support of this assertion: "The only jurisdiction I have to go into is the good faith of the demanding State and whether or not the defendant was, in fact, a fugitive."

This statement of the court was erroneous, as the court had jurisdiction to consider each of the aforesaid defenses which may be raised by statute. And we have held that the question of good faith of the demanding State is not in issue. (*People ex rel. Goldstein* v. *Babb*, 4 Ill. 2d 483.) Moreover, we are convinced that the court's misconception of the law resulted in the relator not receiving a fair and complete hearing.

For example, when an effort was made to show that the relator was not charged with a crime against the laws of the demanding State, the court erroneously said it had

158

no right to go into that matter. Similarly, the court improperly foreclosed argument as to whether the rendition warrant was defective, stating that courts had no right to review a Governor's finding that the papers were in proper form.

Further, the court committed error in its handling of the identification question. The complaining witness in Florida took the stand and identified the relator. But when the relator's attorney undertook to establish how the witness made the identification the court stopped him. The court even refused to allow counsel to make an offer of proof as to the manner in which the witness identified the relator in the courtroom, and abruptly ended the proceeding by ordering the relator taken into custody.

On this state of the record, it is apparent to us that because of the court's misapprehension of the governing law the issues properly in the case were not given due consideration and the relator was denied that type of hearing guaranteed him by law.

The judgment of the criminal court of Cook County, therefore, is reversed, and the cause is remanded for a new trial.