(No. 39965.—

THE PEOPLE *ex rel.* Peter Levin, Appellant, *vs.* RICHARD B. OGILVIE, Sheriff, Appellant.

*Opinion filed January 19, 1967.—Rehearing denied March 27, 1967.*

WARD, J., took no part.

ALBERT M. SHEPPARD, of Chicago, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE, JOEL M. FLAUM, and KENNETH L. GILLIS, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

Peter Levin appeals from an order of the Cook County

circuit court quashing a writ of *habeas corpus* issued on his petition challenging the validity of extradition proceedings whereby the State of Wisconsin sought petitioner's return to answer to a pending theft charge.

The gist of petitioner's argument is that he should have been permitted to prove the falsity of the Milwaukee County district attorney's statements made in his application to the Governor of Wisconsin for extradition. The statements complained of were that "this demand * * * is not [made] for the purpose of collecting a debt" and "application * * * has not been made sooner, * * * because the accused could not be located or found before this date." Petitioner sought to prove that the Wisconsin authorities told him the complainant in the criminal case claimed he was indebted to her and that he could avoid prosecution by paying the claim; he further sought to prove that his whereabouts were known to the Wisconsin authorities during the 18-month period preceding the application to the Governor of that State for extradition. Objections to his offers of proof were sustained.

We believe the trial judge ruled correctly. The scope of permissible inquiry in a *habeas corpus* action testing the validity of extradition proceedings is limited to determining (1) whether the accused is the person named in the warrant; (2) whether he is substantially charged with a crime in the demanding State; (3) whether he is a fugitive from justice of the demanding State; (4) whether the papers are regular in form. (*People ex rel. Ponak v. Lohman,* 7 Ill.2d 156.) The testimony here offered sought only to challenge the good faith of the complainant and the authorities of the demanding State, matters we have consistently held may not be inquired into by the courts of this State in extradition matters. *People ex rel. Goldstein v. Babb,* 4 Ill.2d 483, 488; *People ex rel. Ponak v. Lohman,* 7 Ill.2d 156, 157; *People ex rel. Lacanski v. Backes,* 19 Ill.2d 541, 545-6.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.