(No. 42174.—

THE PEOPLE *ex rel.* Thomas Bowman, Appellant, *vs.* JOSEPH I. WOODS, Sheriff, Appellee.

*Opinion filed November 17, 1970.*

R. Eugene Pincham, Earl E. Strayhorn, and Charles B. Evans, all of Chicago, for appellant.

William J. Scott, Attorney General, of Springfield, and Edward V. Hanrahan, State's Attorney, of Chicago, (James B. Zagel, Assistant Attorney General, and Robert A. Novelle, and Michael J. Goldstein, Assistant State's Attorneys, of counsel,) for the People.

Mr. Justice Kluczynski delivered the opinion of the court:

The petitioner, Thomas Bowman, appeals directly to this court from an order of the circuit court of Cook County denying a writ of *habeas corpus* in an extradition proceeding and remanding him to the custody of the Cook County sheriff for delivery to an agent of the State of Alabama.

On May 3, 1968, the State of Alabama filed extradition papers with the Governor of Illinois asking the apprehension and delivery of the petitioner. The supporting extradition papers established that during the months of March and April, 1951, ten complaints and warrants of arrest were issued by the circuit court of Autauga County, Alabama, each charging that Tom Bowman had stolen a cow. The complaints arose out of one transaction, but the ten cows were owned by ten different individuals. To those complaints he pleaded guilty, and on May 4, 1951, he was sentenced to serve one year and one day for each separate

offense. Bowman was imprisoned in the Alabama State Penitentiary in execution of said judgments on or about May 5, 1951. On August 28, 1952, after serving over a year, he escaped from the Alabama Prison Farm, and fled to the State of Illinois. In compliance with the extradition demand filed by the State of Alabama, the Governor of Illinois issued a warrant commanding petitioner's arrest, and he was taken into custody by the sheriff of Cook County. Following his arrest, on June 7, 1968, petitioner filed his petition for writ of *habeas corpus* contesting the legality of his detention.

At the hearing on the writ it was established that twice before petitioner had been arrested for extradition to the State of Alabama. In 1955 he was arrested on a gambling charge, and it was discovered that he was wanted in Alabama as an escapee. A fugitive warrant was issued, and Bowman was retained in custody. On motions of the State, the hearing on the complaint was continued on five occasions. Alabama had been notified to begin extradition proceedings but informed the State's Attorney that it had no desire for Bowman's return at that time. By reason thereof, on August 12, 1955, on motion of the State, the complaint was nol-prossed and petitioner was released.

In March, 1957, Bowman was again arrested pursuant to a warrant issued by the Governor of Illinois at the request of the Governor of Alabama. Petitioner initiated *habeas corpus* proceedings, seeking relief because of inaction on the part of Alabama, and when Alabama failed to take further action to facilitate extradition he was discharged from custody on June 18, 1957.

Finally, in May, 1968, petitioner was arrested a third time pursuant to a warrant of the Governor of Illinois made at the request of the Governor of Alabama. Bowman again filed a petition for writ of *habeas corpus* which was denied.

The issue before the court is whether Illinois will be a party to the extradition of Bowman after two prior pro-

ceedings and a delay of some 13 years after the first proceeding. The State cites *People ex rel. Barrett* v. *Dixon*, 387 Ill. 420, for the proposition that a lapse of time in enforcing an extradition does not discharge a violator of an out-of-the-State parole, and *People ex rel. Ritholz* v. *Sain*, 26 Ill.2d 455, for the proposition that a prior discharge from an extradition proceeding by writ of *habeas corpus* does not operate as an acquittal. We are aware of the rulings in these cases and the fact that normally the scope of inquiry in *habeas corpus* proceedings commenced to test the validity of extradition is limited to: "(1) whether the accused is the person named in the warrant; (2) whether he is substantially charged with a crime in the demanding State; (3) whether he is a fugitive from justice of the demanding State; (4) whether the papers are regular in form. (*People ex rel. Ponak* v. *Lohman*, 7 Ill.2d 156.)" *People ex rel. Levin* v. *Ogilvie*, 36 Ill.2d 566, 567; *cf. People ex rel. Banks* v. *Farner*, 39 Ill.2d 176, 180.) However, because there was an inordinate delay not attributable to the petitioner, closer scrutiny is required.

In this case there was an unexplained 13-year delay between the first extradition proceeding in 1955 and the last effort in 1968. During this period the State of Alabama knew of Bowman's presence in Illinois and twice refused to extradite him. As a consequence, because he has been unable to make bail, petitioner has been imprisoned in Illinois on three occasions pending disposition of the extradition proceeding. We believe that the extraordinary circumstances of this case require an application of the concept of fundamental fairness, as expressed in many appeals. (See: *People* v. *Raymond*, 42 Ill.2d 564; *People* v. *Hamby*, 32 Ill.2d 291, and cases cited therein.) While normally the mere passing of time will not discharge petitioner, at a certain point and after a certain number of incompleted extraditions, we must find that the State of Alabama has forfeited its right to enforce extradition.

Petitioner did initially leave the State of Alabama before completion of his sentence. However, he has been available for extradition in this State since then, and did not contest the validity of the first two proceedings. Serving the remainder of the term at this point in time is manifestly different from the sentence originally imposed. The ends of justice will not be served by enforcing extradition for the crime involved on a person who has lived openly within this State for the last eighteen years, and who has been imprisoned on three occasions during the pendency of the extradition proceedings.

For the foregoing reasons the judgment of the circuit court of Cook County is reversed and the petitioner is ordered discharged.

*Judgment reversed; petitioner discharged.*