THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
PATRICK McINERY, Defendant-Appellant.

Third District   No. 80-136

Opinion filed December 16, 1980.

Robert Agostinelli and Charles W. Hoffman, both of State Appellate Defender's Office, of Ottawa, for appellant.

Edward Petka, State's Attorney, of Joliet (Michael J. Martin, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This is an appeal from an order of the circuit court of Will County denying defendant Patrick McInery's petition for a writ of *habeas corpus* and directing his extradition, pursuant to a governor's warrant, to the State of Mississippi. On May 21, 1976, defendant was indicted in Lee County, Mississippi, for the offenses of aggravated assault, burglary and attempt rape. On September 9, 1976, defendant escaped from the Lee County jail and fled from Mississippi to Illinois. As of December 23, 1976, the Lee County District Attorney had been informed that defendant was

incarcerated at the Cook County, Illinois, jail. On January 7, 1977, the Governor of Mississippi formally requested that the Governor of Illinois order defendant's extradition to Mississippi. The Governor of Illinois honored this request and, on January 26, 1977, issued an extradition rendition warrant. On November 14, 1979, defendant was charged by information with being a "fugitive from justice" pursuant to section 13 of the Uniform Criminal Extradition Act (Ill. Rev. Stat. 1977, ch. 60, par. 30). On November 19, 1979, defendant, who was serving an Illinois sentence at Stateville Penitentiary, was brought before the circuit court of Will County and served with a copy of the fugitive information. He was found to be indigent, and counsel was appointed.

On January 21, 1980, defendant was released from Stateville on parole and was taken into custody at the Will County jail on the fugitive information. On January 25, 1980, defendant filed a petition for a writ of *habeas corpus* challenging the legality of his detention pursuant to the fugitive information. The petition alleged, *inter alia*, that defendant's right to due process of law had been violated by the Illinois authorities by their failure to initiate extradition proceedings until November 14, 1979, despite the fact that the extradition rendition warrant on defendant had been issued on January 26, 1977. On February 7, 1980, the matter proceeded to a hearing. The trial court denied the *habeas corpus* petition and ordered that defendant be surrendered to the Mississippi authorities. On April 20, 1980, we allowed defendant's motion to stay extradition pending this appeal.

On appeal, defendant raises the sole issue of whether the defendant's sixth- and fourteenth-amendment rights to a speedy trial were violated by the delay of three years between issuance of the extradition warrant and initiation of extradition proceedings against defendant. We affirm.

■■ The scope of inquiry in *habeas corpus* proceedings commenced to test the validity of extradition is normally limited to: (1) whether the accused is the person named in the warrant; (2) whether he is substantially charged with a crime in the demanding State; (3) whether he is a fugitive from justice of the demanding State; and (4) whether the papers are regular in form. (*People ex rel. Bowman v. Woods* (1970), 46 Ill. 2d 572, 264 N.E.2d 151.) However, where there has been an inordinate delay in the extradition proceedings not attributable to the defendant, closer scrutiny is required to ensure the defendant's sixth-amendment right to a speedy trial has not been violated. *Smith v. Hooey* (1969), 393 U.S. 374, 21 L. Ed. 2d 607, 89 S. Ct. 575; *People ex rel. Bowman.*

In determining whether defendant's right to a speedy trial has been violated, four factors must be considered. They are: (1) the length of the delay; (2) the reason for the delay; (3) the prejudice to the defendant resulting from the delay; and (4) whether the defendant has waived his

right to a speedy trial. (*People v. Tetter* (1969), 42 Ill. 2d 569, 250 N.E.2d 433.) These factors must be viewed in their totality in determining whether there was a denial of defendant's right.

The length of the delay in the case at bar is measured from the issuance of the extradition rendition warrant (January 26, 1977) to the defendant's appearance in court pursuant to the fugitive information (November 19, 1979). This is a period of approximately 33 months.

The reason for this delay is unexplained. While we disapprove of such a delay, there is no evidence that the State intentionally delayed the proceeding so as to deprive defendant of his rights. Instead it appears the State felt it would be more orderly to wait until the sentence defendant was serving on his Illinois conviction was completed. *Cf. People v. Henry* (1970), 47 Ill. 2d 312, 265 N.E.2d 876.

The third factor to be considered is the prejudice to the defendant. Defendant concedes that there is no evidence of actual prejudice. Instead, defendant contends the delay of 33 months was presumptively prejudicial. We disagree. Various courts have found delays of 26 months and 2 years not to be presumptively prejudicial. (*United States v. Perez* (7th Cir. 1968), 398 F.2d 658; *People v. Henry* (1970), 47 Ill. 2d 312, 265 N.E.2d 876.) Therefore, while we do not approve of a delay of this length, we do not believe it is presumptively prejudicial.

The final factor to be considered is whether the defendant has waived his right to a speedy trial. The majority rule requires the defendant to make a demand for trial in order to assert a denial of his constitutional right to a speedy trial. (*People v. Tetter*.) Otherwise it will be deemed waived. In the instant case it is undisputed that defendant did not make such a demand.

■■ Viewing the factors in their totality, we do not find that defendant's constitutional right to a speedy trial was violated. There was no evidence that the delay was intended to prejudice or oppress the defendant. In fact, defendant presented no evidence to show he was prejudiced. Defendant also failed to make any demand for trial. Therefore, although we do not condone a delay of this length, we do not find a violation of defendant's rights.

For the foregoing reasons, the order of the circuit court of Will County is affirmed.

Affirmed.

BARRY and SCOTT, JJ., concur.