# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint of<br><br>JARED ARTHUR HARRISON,<br><br>Petitioner. | No. 54889-5-II<br><br>UNPUBLISHED OPINION |

GLASGOW, J.—Jared Arthur Harrison seeks relief from personal restraint imposed as a result of his 2005 plea of guilty to one count of unlawful possession of methamphetamine with intent to deliver and three counts of felony financial fraud. He was sentenced to 45 months of confinement and 45 months of community custody under a drug offender sentencing alternative (DOSA) sentence. In 2012, while serving his DOSA term of community custody, Harrison absconded to New York. The Department of Corrections issued an arrest warrant for him on June 26, 2012. The warrant initially limited extradition from only Idaho and Oregon based on Harrison's risk level and the State's financial considerations. Based on a tip that Harrison was engaged in criminal activities, on January 24, 2020, the Department expanded its warrant to nationwide status.

On March 29, 2020, Harrison was arrested in Florida on the warrant. After waiving his extradition rights, Harrison was extradited to Washington on May 8, 2020. On May 19, 2020, the Department revoked his DOSA sentence, requiring him to serve the remainder of his DOSA term in prison.

The Department's response reflects that Harrison's earned early release date was in February 2021, but he would serve additional community custody after early release. The fact that he has been released into community custody does not render his entire petition moot because he

is still under restraint. *See*, *e.g.*, *In re Pers. Restraint of Crowder*, 97 Wn. App. 598, 600, 985 P.2d 944 (1999) (addressing personal restraint petition even after the petitioner was released into community custody and noting that community custody is intense monitoring that is still in the nature of punishment).

First, Harrison argues that his right to due process was denied and his restraint is unlawful because the Department waited eight years to extradite him to Washington.[1] But the Washington Supreme Court has declined to impose a duty on the State to promptly extradite every defendant from another state. *State v. Hudson*, 130 Wn.2d 48, 57, 921 P.2d 538 (1996); *State v. Stewart*, 130 Wn.2d 351, 363-65, 922 P.2d 1356 (1996). The Illinois and Eighth Circuit cases upon which Harrison relies are factually dissimilar and otherwise unpersuasive in light of the Washington Supreme Court's resolution of this issue. *See People ex rel. Bowman v. Woods*, 46 Ill. 2d 572, 575, 264 N.E.2d 151 (1970), *Shields v. Beto*, 370 F.2d 1003, 1004 (5th Cir. 1967), and *Mathes v. Pierpont*, 725 F.2d 77, 79 (8th Cir. 1984). The Department did not waive, relinquish, or abandon its right to seek the extradition of Harrison when it initially limited the reach of the warrant to Oregon and Idaho for financial reasons. Harrison was not denied due process in his extradition.

Second, Harrison argues that his arrest in Florida was unlawful because it lacked probable cause. But even if his arrest was unlawful, it would not entitle him to relief from restraint now that he is in Washington because the Department has valid custody over him under his Washington judgment and sentence. *Weilburg v. Shapiro*, 488 F.3d 1202, 1206 (9th Cir. 2007); *Hunt v. Eyman*, 405 F.2d 384, 384 (9th Cir. 1968).

---

[1] Harrison also argues that the delay in extraditing him violates the doctrine of laches. But laches is an affirmative defense to a civil action; thus, it is inapplicable here. *Davidson v. State*, 116 Wn.2d 13, 25, 802 P.2d 1374 (1991).

Third, Harrison argues that the Department is unlawfully restraining him because its treatment of his medical needs amid the COVID-19 pandemic violates the Eighth Amendment to the United States Constitution.[2] To establish a constitutional violation, Harrison must show that the Department has been deliberately indifferent to an excessive risk to his health. *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). While Harrison is critical of the care he has been provided regarding his human immunodeficiency virus (HIV) status and colon health, he does not show that the Department has been deliberately indifferent to his conditions. The Department has provided HIV treatment in the form of a single pill regimen with a small tablet, which Harrison said he preferred, and the Department has arranged an appointment for additional colon cancer screening that is available even if Harrison is in community custody.

Finally, Harrison's Eighth Amendment argument regarding his conditions of confinement in Florida and Washington during the COVID-19 pandemic is likely moot given his release into community custody. But even if it were not, the Department's response to COVID-19 has been held not to constitute deliberate indifference under the Eighth Amendment. *Colvin v. Inslee*, 195 Wn.2d 879, 901, 467 P.3d 953 (2020); *In re Pers. Restraint of Pauley*, 13 Wn. App. 2d 292, 316-18, 466 P.3d 245 (2020), *review denied*, No. 985863 (Wash. Aug. 6, 2020). Harrison does not provide any grounds for relief from personal restraint. We therefore deny his petition and his request for appointment of counsel.

---

[2] While Harrison cites to article I, section 14 of the Washington State Constitution, he does not present argument as to why that section would provide him greater protection than does the Eighth Amendment. Thus, we review his claim only under the Eighth Amendment. *State v. Wethered*, 110 Wn.2d 466, 472-73, 755 P.2d 797 (1988).

No. 54889-5-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Glasgow, J.

We concur:

, C.J.
Lee, C.J.

Worswick, J.

4