(No. 28793.—

THE PEOPLE *ex rel.* James Willis, Plaintiff in Error, *vs.*
MICHAEL F. MULCAHY, Sheriff, Defendant in Error.

*Opinion filed January 23, 1946.*

LEONARD M. WEINSTEIN, of Chicago, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, and WILLIAM J. TUOHY, State's Attorney, of Chicago, (EDWARD E. WILSON, JOHN T. GALLAGHER, MELVIN S. REMBE, JOSEPH A. POPE, and JAMES V. CUNNINGHAM, all of Chicago, of counsel,) for defendant in error.

Mr. CHIEF JUSTICE THOMPSON delivered the opinion of the court:

Relator was arrested in Chicago, Illinois, on July 23, 1944, charged with disorderly conduct and carrying concealed weapons. He was sentenced to the house of correction and was serving his sentence for this crime when a fugitive warrant was received from the State of Georgia. This was followed by an extradition warrant to the Governor of Illinois by the Governor of Georgia. The relator filed a petition in the criminal court of Cook county for a writ of *habeas corpus* alleging that his detention by the sheriff of said county on the Governor's warrant was illegal. A hearing upon the petition, the sheriff's return and evidence introduced resulted in an order quashing the writ and remanding relator to the custody of the sheriff of Cook county to be delivered to the agent of the State of Georgia. The relator brings the record to this court seeking to reverse the judgment rendered against him.

Relator contended in his petition that the requisition and the papers were not in regular and legal form; that he is not substantially charged with a crime against the

laws of the demanding State; that he is not the particular person named in the requisition indictment or affidavit, or in the warrant issued by the Governor; that he is not a fugitive from the justice of the demanding State; and that he was not physically present in the demanding State on or about the date upon which the offense with which he is charged is alleged to have been committed. Such allegations were denied in the return.

The right to extradite persons charged with the commission of crimes is controlled by the Federal constitution and statutes. This court has repeatedly held that upon receipt of a requisition the Governor of the asylum State has two questions to pass upon: (1) Is the person demanded substantially charged with a crime against the laws of the demanding State by an indictment or affidavit? (2) Is he a fugitive from the justice of that State? The first of these questions is one of law and the second is one of fact. (*People ex rel. Flowers* v. *Gruenewald*, 390 Ill. 79; *People ex rel. Carr* v. *Murray*, 357 Ill. 326; *Munsey* v. *Clough*, 196 U. S. 364, 49 L. ed. 515.) All that is necessary to be shown to the Governor of the asylum State is that the accused is substantially charged with a crime again the laws of the demanding State by an indictment or affidavit before a magistrate, certified as authentic by the Governor of the demanding State, and that the person demanded is a fugitive from the justice of that State. *People* v. *Gruenewald*, 390 Ill. 79; *People ex rel. Buxton* v. *Jeremiah*, 364 Ill. 274.

Here, the Governor's warrant recites that there was presented to him a copy of an indictment certified as authentic by the Governor of Georgia, charging relator with the crime of sodomy which the Governor of Georgia certified was a crime under the laws of that State. It can readily be seen from the Governor's warrant that the relator is charged with a crime against the laws of the demanding State by an indictment. This is sufficient to make

out a *prima facie* showing that the issuance of the warrant by the Governor of this State was legal and justified, and that the detention of the relator, on authority of that warrant, by the sheriff, was legal. (*People* v. *Gruenewald,* 390 Ill. 79; *People ex rel. Stevens* v. *Meyering,* 349 Ill. 198.) There is no showing that the recitals in the warrant are not true. In the absence of such showing, these recitals must be taken as true. Such recitals make a *prima facie* case that the warrant was legally issued by the Governor. *People* v. *Gruenewald,* 390 Ill. 79; *People ex rel. Lejcar* v. *Meyering,* 345 Ill. 449.

The rule is well settled in this State that in *habeas corpus* proceedings under the Fugitives From Justice Act, the Governor's warrant for the arrest of a person as a fugitive makes a *prima facie* case and the burden is on the prisoner to prove that he is entitled to discharge. *People ex rel. Mortensen* v. *O'Brien,* 371 Ill. 351; *People ex rel. Parkinson* v. *Martin,* 357 Ill. 109.

The burden was on the relator to overcome the *prima facie* case. His failure to do this is clearly shown by the record. Relator's testimony is the only testimony offered in his behalf and he admitted he was a fugitive from justice, that he was tried in Georgia, was convicted of sodomy, was given a life sentence, served four years and then escaped from the Georgia penitentiary. He offered no proof, neither is it disclosed by the record, that he completed his penitentiary sentence in Georgia or was pardoned.

It does not appear from the record that the proof is sufficient to overcome the *prima facie* case made by the Governor's warrant. The trial court did not err in quashing the writ of *habeas corpus* and ordering the relator remanded to the sheriff to be delivered to the agent from Georgia. The judgment of the criminal court of Cook county is affirmed.

*Judgment affirmed.*