THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CHARLES SMITH, Defendant-Appellant.

(No. 11876;

Fourth District—May 31, 1973.

John F. McNichols, of Defender Project, of Springfield, (Bruce L. Herr, of counsel,) for appellant.

No appearance for the People.

Mr. JUSTICE SIMKINS delivered the opinion of the Court:

On April 10, 1972, the State's Attorney of Livingston County filed a petition in the Circuit Court of Livingston County, which recited that the defendant-appellant Charles Smith was incarcerated in the penitentiary at Pontiac, Illinois. The petition further alleged that the Warden of the penitentiary had been served with the Governor's Warrant for Extradition to the State of Ohio and requesting that a Writ of Habeas Corpus issue, directing the Warden to produce defendant "* * * for hearing on the extradition matter herein." Pursuant to the Court's order a "Writ of Habeas Corpus to Testify" was issued, and defendant was also ordered to answer the Warrant.

On April 11, 1972, counsel was appointed to represent defendant. Copies of Ohio indictments charging him with forgery and fraudulent use of credit cards in Cuyahoga County, Ohio, together with a prosecuting attorney's request to the Governor of Ohio for defendant's rendition were admitted into evidence. No request from the Governor of Ohio for defendant's rendition was produced or entered into the record.

On April 18, 1972, a further hearing was held. The warrant issued by the Governor of the State of Illinois was received in evidence without objection. The warrant recites that "The Governor of the State of Ohio demands of me the arrest and delivery of Charles Smith as a fugitive from justice, and produced and laid before me a copy of an Indictment, Warrant and Executive Agreement, certified as authentic by the said Governor and duly authenticated, and charging the said Charles Smith with having committed on the 22d day of November, A.D. 1969, and January 22, 1970, in the County of Cuyahoga, in the State of Ohio, the crime of Forgery with Count for Uttering (2913.01, R.C.), and Fraudulent Use of Credit Card (2907.201, R.C.), which said Governor certifies to be a crime under the laws of said State of Ohio * * *." John Siffin, a police officer from the Cleveland, Ohio, police department testified on behalf of the petitioner. He positively identified defendant as the individual named in the Ohio indictments. The defendant offered no evidence.

The trial judge found defendant to be the individual charged in the Ohio indictments and ordered him extradited to Ohio. Defendant re-

quested an appeal, the order of extradition was stayed pending appeal, and the Illinois Defender Project was appointed counsel on appeal.

Appellate counsel have moved to withdraw as defendant's counsel on appeal and accompanied the motion with a brief in conformity with *Anders v. State of California*, 386 U.S. 738, 18 L.Ed.2d 493, 87 S.Ct. 1396. The record establishes proof of service of the motion and brief upon the defendant. The motion was continued to afford defendant an opportunity to file additional suggestions. Defendant responded by means of a letter, the contents of which we have considered and find to be unrelated in any meritorious or legal sense to the issues here presented. In discharge of our responsibility we have examined the record on appeal.

■■■ Chapter 60, section 24-27, Ill. Rev. Stat. 1971, provides that upon issuance of the Governor's Warrant the defendant should have been arrested and forthwith brought before a judge of the Circuit Court of the County in which the arrest took place. Under the statute the defendant, when brought before the court, shall be afforded counsel and be given an opportunity to challenge his arrest by writ of habeas corpus. Defendant did not challenge his arrest, as provided by statute, by petitioning for writ of habeas corpus. However, counsel and the court proceeded on the writ of habeas corpus ad testificandum precisely as though defendant had in fact followed the statutory procedure, and at the hearings held, inquired into the very questions which could have been raised by defendant had he filed his petition. We perceive no error in this circumstance.

■■■ The only matters which may be examined on writ of habeas corpus in extradition cases are: (1) whether the accused is the person named in the warrant; (2) whether he is substantially charged with a crime in the demanding State; (3) whether he is a fugitive from justice and (4) whether the documents are regular in form. *People ex rel. Levin v. Ogilvie*, 36 Ill.2d 566, 224 N.E.2d 247; *People ex rel. Goldstein v. Babb*, 4 Ill.2d 483, 123 N.E.2d 639, *cert. denied*, 349 U.S. 928.

The evidence clearly establishes that defendant is the individual named in the Ohio indictments and in the documents involved in the extradition proceedings. Docket entries in the Ohio cases reveal that defendant forfeited appearance bond in both cases and is consequently a fugitive from justice. The Ohio indictments substantially charge defendant with offenses under Ohio statutes.

■■■ The record does not contain a request from the Governor of Ohio requesting defendant's rendition, and such a request is an essential prerequisite to the issuance of a warrant by the Governor of Illinois. (*People ex rel. Willis v. Mulcahy*, 392 Ill. 411, 64 N.E.2d 860.) Where this requisition is lacking in the record but the recitals in the warrant

12

issued in the asylum state are uncontradicted by evidence, such recitals are accepted as true. (*People ex rel. Flowers v. Gruenewald* 390 Ill. 79, 60 N.E.2d 225.) The recitals in the warrant of the Governor of Illinois established a prima facie case that he had before him a proper request for rendition from the Governor of Ohio. *People ex rel. Willis v. Mulcahy*, 392 Ill. 411, 64 N.E.2d 860.

We agree that this record discloses no justiciable issue for review and that the appeal is without merit. Accordingly the motion of the Illinois Defender Project to withdraw as defendant's counsel is allowed and the judgment of the trial court is affirmed.

Judgment affirmed.

SMITH, P. J., and TRAPP, J., concur.