THE PEOPLE *ex rel.* ARTHUR AGEE, Relator-Appellant, *v.*
RICHARD J. ELROD, Sheriff of Cook County, Respondent-Appellee.

First District (5th Division)    No 80-334

Opinion filed March 6, 1981.

Frederick F. Cohn, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Marcia B. Orr, James S. Veldman, and Warren A. Zimmerman, Assistant State's Attorneys, of counsel), for appellee.

Mr. JUSTICE MEJDA delivered the opinion of the court:

Arthur Agee, relator, appeals from an order denying his petition for a writ of *habeas corpus* filed subsequent to his arrest by the sheriff of Cook County, pursuant to an extradition rendition warrant issued by the Governor of Illinois at the request of the Governor of Alabama. We affirm.

The issues raised on appeal are: (1) whether the requisition papers of the Governor of Alabama sufficiently complied with the statutory requirements set forth in section 3 of the Uniform Criminal Extradition Act (Ill. Rev. Stat. 1977, ch. 60, par. 20); (2) whether remanding relator to the State of Alabama would violate his constitutional rights; and (3) whether the requisition of the Governor of Alabama was void because the individual named to receive relator was without the authority to do so.

On February 16, 1979, the Governor of Alabama signed a requisition demand that relator, Arthur Agee, be extradited to Alabama. The requisition stated that the relator "stands CONVICTED OF GRAND LARCENY/LARCENY FROM PERSON AND ESCAPED FROM LAWFUL CUSTODY * * *." A rendition warrant commanding relator's arrest was issued by the Governor of Illinois on March 1, 1979. Following his arrest pursuant to that warrant, relator petitioned the court for a writ of *habeas corpus*. On July 17, 1979, the legal advisor to the Governor of Alabama filed additional supporting documents in the Office of the Secretary of State of Illinois. These documents included copies of the docket sheets maintained in relator's grand larceny and larceny from person trials conducted in Alabama. On January 31, 1980, a hearing was held to consider relator's amended petition for a writ of *habeas corpus*. The petition was denied. Relator appeals from the denial of his amended petition.

OPINION

Relator first contends that the requisition papers demanding his extradition submitted by the Governor of Alabama to the Governor of Illinois are deficient because they do not comply with the necessary form

and content requirements of a demand for extradition, as set forth in section 3 of the Uniform Criminal Extradition Act.

That section states in pertinent part that:

"No demand for the extradition of a person charged with crime in another state shall be recognized by the Governor unless in writing alleging, * * * that the accused was present in the demanding state at the time of the commission of the alleged crime, and that thereafter he fled from the state, and accompanied by a copy of an indictment found or by information supported by affidavit in the state having jurisdiction of the crime, or by a copy of an affidavit made before a magistrate there, together with a copy of any warrant which was issued thereupon; or by a copy of a judgment of conviction or of a sentence imposed in execution thereof, together with a statement by the Executive Authority of the demanding state that the person claimed has escaped from confinement or has broken the terms of his bail, probation or parole. The indictment, information or affidavit made before the magistrate must substantially charge the person demanded with having committed a crime under the law of that state; and the copy of indictment, information, affidavit, judgment of conviction or sentence must be authenticated by the Executive Authority making the demand." (Ill. Rev. Stat. 1977, ch. 60, par. 20.)

Although this section provides three alternate documentation methods to support a requisition demand, including attaching a copy of an indictment or an information supported by affidavit, or a copy of an affidavit made before a magistrate, together with a copy of any warrant issued thereupon, or a copy of a judgment of conviction or of a sentence imposed together with a statement by the executive authority of the demanding state that the relator has escaped from confinement (*People ex rel. Hackler v. Lohman* (1959), 17 Ill. 2d 78, 160 N.E.2d 792, *cert. denied* (1960), 361 U.S. 963, 4 L. Ed. 2d 544, 80 S. Ct. 591), relator's sole objection to the sufficiency of the requisition papers in the instant case is that they charge him with the offense of "escape" but do not support the charge by affidavit before a magistrate.

Relator asserts that he has been charged with an offense because the requisition recites that he "stands CONVICTED OF GRAND LARCENY/ LARCENY FROM PERSON AND ESCAPED FROM LAWFUL CUS-TODY." To assess the merits of relator's contention, a consideration of the language recited in the requisition and in accompanying documents is required.

The requisition used by the Governor of Alabama is a standard form with appropriate blanks for the insertion of the names of the relator, the crime or crimes charged, the county in which the crime occurred, the asylum State, and the agent into whose custody the relator is to be

entrusted. In the requisition submitted by the Governor of Alabama to extradite relator, the printed words "charged with the crime of * * *" have been struck through and replaced by the typewritten words "CON-VICTED OF * * *." Clearly, on its face the requisition does not charge petitioner with any crime for the word "charged" has been intentionally eliminated from the form by the Governor of Alabama and replaced by the word "convicted." Thus, the challenged language affords only two reasonable interpretations: (1) that the requisition recites that relator has been convicted of two crimes, grand larceny and larceny from person and is an escapee; or (2) that the requisition recites that relator has been convicted of three crimes, grand larceny, larceny from person, and escape. However, relator does not even assert the second interpretation on appeal.

At his *habeas corpus* hearing relator presented no additional evidence beyond the completed requisition document itself to support his interpretation that the requisition charged him with the offense of "escape." Respondent, however, introduced into evidence a number of documents, including the rendition warrant issued by the Governor of Illinois in support of his contention that the requisition demand rested on relator's conviction of grand larceny and larceny from person and current status as an escapee. The rendition warrant issued by the Governor of Illinois recited that:

> "The Governor of the STATE of ALABAMA * * * has produced and laid before me a copy of an TRANSCRIPT, certified as authentic by the said Governor and duly authenticated, and charging the said ARTHUR GENE AGEE with
> 29TH
> having been convicted on the 14TH day of
> January          1971                    JEFFERSON/
> JUNE, A.D.     71, in the County of JEFFERSON,
> in the said STATE OF ALABAMA, the crime of
> GRAND LARCENY/LARCENY FROM PERSON, CON-VICTED THEREOF AND THEREAFTER ESCAPED FROM LAWFUL CUSTODY * * *."

A reading of the rendition warrant indicates that it rests not on any offense charged against relator, but rather on his conviction in Alabama of the crimes of grand larceny and larceny from person and his alleged current status as escapee. The warrant also indicates that the Governor of Illinois was satisfied by the documents presented to him that the relator had been so convicted and had escaped.

■■■ As a general rule a rendition warrant, regular on its face, establishes a prima facie case against the relator. (*People ex rel. Molock v. Elrod* (1977), 53 Ill. App. 3d 14, 368 N.E.2d 487.) Relator does not challenge the

regularity of the Governor's warrant. Where, however, as in the instant case, the relator has expressly challenged the sufficiency of the requisition papers, he raises the question of whether the Governor of Illinois was justified in recognizing the demand made upon him. (*People ex rel. Ritholz v. Sain* (1962), 24 Ill. 2d 168, 172, 180 N.E.2d 464, 467.) All papers including affidavits which were before the Governor of Illinois when he issued the rendition warrant may be considered in *habeas corpus* proceedings to determine the basis on which the Governor issued the warrant. *People ex rel. Borelli v. Sain* (1959), 16 Ill. 2d 321, 157 N.E.2d 417.

■■■ The record indicates that the supporting papers submitted with the requisition demand to the Governor of Illinois from the Governor of Alabama were certified by the latter to be authentic. They included the petition of Richard Holsten, director of inmate records administration, reciting relator's conviction, sentencing, incarceration and escape from confinement; certified copies of the transcripts of minutes on file in the Office of Corrections of the State of Alabama showing the judgment entry and sentence given in relator's grand larceny and larceny from person trials, authenticated by the affidavit of Richard Holsten; certified copies of the indictments for both crimes; and the affidavit of Fob James, Governor of Alabama, that relator "stands convicted of the crime of GRAND LARCENY/LARCENY from Person, and has escaped lawful custody." Each of these documents recites that relator was convicted of the two crimes of grand larceny and larceny from person. None of these documents assert that relator was ever charged with or convicted of the crime of escaping from lawful custody. Relator has offered no evidence to show the contrary. Absent a showing that the recitals in the Governor's extradition warrant are false, such recitals must be deemed as true in *habeas corpus* proceedings. (*People v. Williams* (1964), 31 Ill. 2d 160, 201 N.E.2d 117.) Thus, the trial court correctly concluded at the relator's *habeas corpus* proceeding that both the requisition demand and the rendition warrant rested on relator's conviction of the two crimes of grand larceny and larceny from person and his status as an escapee. Therefore, no affidavit before a magistrate was necessary to support the requisition. The inclusion in the papers supporting the requisition demand of the judgment of conviction, the sentence imposed and the statement of the Governor of Alabama that relator had escaped, all authenticated by the Governor of Alabama, satisfied the statutory requirements of section 3 of the Uniform Criminal Extradition Act.

■■ The remaining issues raised by relator on appeal can be dealt with summarily. Relator contends that to remand him to the State of Alabama would violate his constitutional rights and that the agent into whose custody he would be entrusted is without the authority to receive him.

However, only four areas are properly within the scope of the court's inquiry in a *habeas corpus* proceeding: (1) whether the accused is the person named in the warrant; (2) whether he is substantially charged with a crime in the demanding State; (3) whether he is a fugitive from justice; and (4) whether the papers are regular in form. (*People ex rel. Levin v. Ogilvie* (1967), 36 Ill. 2d 566, 224 N.E.2d 247.) The issues of the prospective violation of relator's constitutional rights and the authority of the named agent of Alabama to receive relator are not among them and, therefore, are not properly raised or considered in this appeal. *People ex rel. Hogan v. Ogilvie* (1966), 35 Ill. 2d 95, 219 N.E.2d 491.

■■ Although section 10 of the Uniform Criminal Extradition Act (Ill. Rev. Stat. 1977, ch. 60, par. 27) guarantees an individual arrested upon a rendition warrant the right to challenge the legality of his arrest, the burden rests upon him to prove in the *habeas corpus* proceedings that he is entitled to discharge. (*Nelson v. People* (1973), 11 Ill. App. 3d 1092, 297 N.E.2d 172.) Relator has offered no contrary proof to rebut the prima facie case established by the rendition warrant issued by the Governor of Illinois. Thus, relator has failed to meet the burden placed upon him to demonstrate his right to release.

For the reasons stated, the order of the trial court denying relator's amended petition for *habeas corpus* is affirmed.

Affirmed.

LORENZ and WILSON, JJ., concur.