(No. 54301.—

THE PEOPLE *ex rel.* ADOLPHO HERNANDEZ, Appellee, v. RICHARD J. ELROD, Sheriff, Appellant.

*Opinion filed September 30, 1981.—Rehearing denied*
*November 25, 1981.*

454

Tyrone C. Fahner, Attorney General, of Springfield, and Richard M. Daley, State's Attorney, of Chicago (Melbourne A. Noel, Jr., and Mark L. Rotert, Assistant Attorneys General, of Chicago, and Marcia B. Orr and Iris E. Sholder, Assistant State's Attorneys, of counsel), for the People.

McCoy & Morris, of Chicago (Steven J. McCoy and Gilbert C. Schumm, of counsel), for appellee.

MR. JUSTICE WARD delivered the opinion of the court:

The Governor of Illinois on July 14, 1978, issued a warrant ordering that the relator, Adolpho Hernandez, be arrested and given to the custody of an agent of the State of Massachusetts for extradition. In the warrant, the Governor recited that he had been presented with a copy of an indictment, certified by the Governor of Massachusetts, which charged that Hernandez, a resident of Chicago, had committed the crime of unlawful distribution of heroin. The warrant also recited that a request for his extradition by the Governor of Massachusetts had been made. Following his arrest, Hernandez filed in the circuit court of Cook County a petition for a writ of *habeas corpus* and a motion to quash the Governor's warrant. The ground then of his challenge to extradition was his claim that he was not in Massachusetts on July 14, 1975, when the crime was allegedly committed. He further contended that he had been irreparably prejudiced by the 11-month delay in the return of the indictment. Both the petition and the motion were denied, and extradition was ordered. The appellate court reversed (89 Ill. App. 3d 849) on the ground that the court was unable to determine whether the Governor's warrant properly issued, as there was no certified copy of the indictment in the record on appeal. Another ground for reversal was that an affidavit introduced by the State charging the commission by the relator of a crime in Massachusetts (introducing the affidavit being an alternative to introducing a copy of an indictment) had not been executed before a magistrate as the Uniform Criminal Extradition Act requires (Ill. Rev. Stat. 1977, ch. 60, par. 20). We granted the State's petition for leave to appeal (73 Ill. 2d R. 315(a)).

The State does not dispute that the affidavit introduced was not made before a magistrate and therefore should not have been admitted. The State does contend, however, that

the appellate court, on the record here, should have affirmed the trial court's denial of the motion to quash and the petition for a writ of *habeas corpus,* though a certified copy of the indictment did not appear in the record on appeal.

Authority for extradition of a person charged with a crime in the demanding State is found under article IV, section 2, of the Constitution of the United States (U.S. Const., art. IV, § 2). This article, and Federal legislation (18 U.S.C. § 3182 (1976)) have been held to govern interstate extradition, but States may supplement Federal regulation as long as there is no attempt to impose more stringent requirements for extradition. (See *State ex rel. Sieloff v. Golz* (1977), 80 Wis. 2d 225, 258 N.W.2d 700; *People ex rel. Matochik v. Baker* (1953), 306 N.Y. 32, 114 N.E.2d 194; *People ex rel. Dimas v. Shimp* (1980), 83 Ill. App. 3d 150.) To facilitate interstate extradition procedures, most States, including Illinois, have adopted the Uniform Criminal Extradition Act. Section 3 of the Illinois statute provides that when a demanding State seeks extradition of a person in Illinois, the request shall not be recognized unless the written demand alleges that "the accused was present in the demanding state at the time of the commission of the alleged crime, and that thereafter he fled from the state." The demand must be "accompanied by a copy of an indictment found or by information supported by affidavit in the state having jurisdiction of the crime, or by a copy of an affidavit made before a magistrate there, together with a copy of any warrant which was issued thereupon; or by a copy of a judgment of conviction or of a sentence imposed in execution thereof, together with a statement by the Executive Authority of the demanding state that the person claimed has escaped from confinement or has broken the terms of his bail, probation or parole. The indictment, information, or affidavit made before the magistrate must substantially charge the person demanded with having committed a crime under the law of that state; and the copy

of indictment, information, affidavit, judgment of conviction or sentence must be authenticated by the Executive Authority making the demand." Ill. Rev. Stat. 1977, ch. 60, par. 20.

When the relator appealed to the appellate court neither a copy of the indictment nor the Governor's warrant was included in the record for appeal. After this court granted the State's petition for leave to appeal, the State moved to supplement the record with the certified copy of the indictment. This motion was denied, but we did allow the State's motion to supplement the record by filing the Governor's warrant. This warrant issued by the Governor of Illinois contains the following recital:

> "The Governor of the State of Massachusetts demands the arrest and delivery of Adolpho Hernandez as a fugitive from justice, and has produced and laid before me a copy of an indictment, certified as authentic by the said Governor and duly authenticated, and charging the said Adolpho Hernandez with having committed on the 14th day of July, A.D. 1975, in the County of Worcester, in the said State of Massachusetts, the crime of unlawful distribution of heroin, which the said Governor certifies to be a crime under the laws of said State of Massachusetts * * *."

This court has made it clear that where "the Governor's warrant certifies that * * * [the relator] is charged with crime in the demanding State by an indictment [this representation] is sufficient to make out a *prima facie* case showing that the issuance of the warrant by the Governor of this State was legal and justified and that detention of the [relator] on the authority of the warrant by the sheriff is legal." (*People ex rel. Stevens v. Meyering* (1932), 349 Ill. 198, 199, citing *People ex rel. Lejcar v. Meyering* (1931), 345 Ill. 449; *People ex rel. Stanton v. Meyering* (1931), 345 Ill. 598; *Lacondra v. Hermann* (1931), 343 Ill. 608.) This *prima facie* case for extradition may be overcome only by proof to the contrary. *People ex rel. Lacanski v. Backes* (1960), 19 Ill.

2d 541, 544. See also *Waterman v. Deyton* (1974), 233 Ga. 243, 210 S.E.2d 765; *Hughes v. Waters* (1973 Iowa), 204 N.W.2d 599; *Mote v. Koch* (1970), 173 Colo. 82, 476 P.2d 255; *Wade v. Lovellette* (1968), 251 Ind. 97, 239 N.E.2d 585.

A review of the record of proceedings and of the pleadings filed by Hernandez shows that at no time before the trial court did he challenge the existence of the indictment relied upon by the Governor when he issued his warrant for the arrest and extradition of the relator. In fact, one of the grounds of his motion for quashing the warrant was that he had been prejudiced by the delay in returning the indictment. Beyond that, there are numerous references by the relator's attorney in the record to the indictment. In one, where the attorney complained of the delay in returning the indictment, he stated: "Judge, the motion is asking this court to quash the Governor's warrant on the basis that the indictment, the supporting documents, which were sent by the demanding state to the asylum state, contain an indictment which on its face would show that the alleged offense took place July 14th, 1975, and that the indictment for this offense was returned in November of 1976." Too, referring to the "supporting documents," he said later that he was "not asking the court to inquire behind the papers supporting the Governor's warrant."

It was not contradicted that a certified copy of the defendant's indictment was presented to the Governor of Illinois. The Governor stated unequivocally in his warrant that a copy of the indictment was "produced and laid before me." That the relator had been indicted and that a copy of the indictment had been given the Governor was not questioned in the trial court. The transcript of the proceeding in the circuit court shows that if the copy was not physically before the court and given to the relator it certainly was available to him.

As we observed above, this court has held that the Governor's warrant certifying that a relator is under indict-

ment in the demanding State makes out a *prima facie* case. The relator here failed to overcome it by proof to the contrary. Too, he waived the question of having a certified copy of the indictment made a part of the record on appeal.

For the reasons given, the judgment of the appellate court is reversed and the judgment of the circuit court of Cook County is affirmed.

*Appellate court reversed;*
*circuit court affirmed.*

MR. JUSTICE SIMON took no part in the consideration or decision of this case.