THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
DEBORAH A. EVANS, Defendant-Appellee.

Second District   No. 2—83—0677

Opinion filed August 13, 1984.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Barbara A. Preiner and Diane Fischer-Woods, Assistant State's Attorneys, of counsel), for the People.

814

George J. Bakalis, of Civinelli, Bakalis & Culliton, of Bloomingdale, for appellee.

PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

In response to a requisition warrant from James J. Blanchard, Governor of Michigan, James R. Thompson, Governor of Illinois, issued a rendition warrant for the return of defendant, Deborah Ann Evans, to Michigan. Evans had been charged in Michigan, by four complaints, with the unlawful delivery of a controlled substance, psilocybin. She was charged in Illinois and arrested for having been a fugitive from justice, and petitioned for *habeas corpus* relief, challenging the regularity of the rendition warrant and supporting documents. The trial court granted Evans' petition, and the State appeals.

The issues presented are whether the Michigan complaints against Evans are defective for failure to clearly indicate that they were made before a magistrate and whether the affidavits were sufficiently authenticated to justify issuance of the rendition warrant.

■■■ Consistent with the purpose of extradition to summarily return a fugitive to the place of the alleged offense (*People v. Cheek* (1982), 93 Ill. 2d 82, 90), courts generally will not interfere with the Governor's grant of extradition unless the order is so palpably erroneous as to warrant an inference of fraud or inadvertence. (*People ex rel. Dimas v. Shimp* (1980), 83 Ill. App. 3d 150, 157.) However, as the asylum State has a substantial interest in protecting people from unjustifiable extradition (*People v. Cheek* (1982), 93 Ill. 2d 82, 90), *habeas corpus* proceedings may be initiated to test the validity of extradition. (*People ex rel. Hackler v. Lohman* (1959), 17 Ill. 2d 78, 84, *cert. denied* (1960), 361 U.S. 963, 4 L. Ed. 2d 544, 80 S. Ct. 591.) In such cases, the court may consider only the questions of (1) whether the accused is the person named in the warrant; (2) whether the accused is substantially charged with a crime in the demanding State; (3) whether the accused is a fugitive from the justice of the demanding State; and (4) whether the papers are regular in form. *People ex rel. Dimas v. Shimp* (1980), 83 Ill. App. 3d 150, 156-57.

■■■ Evans has challenged only the regularity of the extradition papers. By doing so, she raises the issue of whether Governor Thompson was justified in recognizing the demand made upon him by the Governor of Michigan. (*People ex rel. Agee v. Elrod* (1981), 93 Ill. App. 3d 1038, 1042.) In order to be entitled to recognition, a demand for extradition must, *inter alia*, be accompanied by a copy of the indictment or information, or an affidavit made before a magistrate, which substantially charges the accused with having committed a crime under

the law of the demanding State and which is authenticated by the executive authority making the demand. (Ill. Rev. Stat. 1983, ch. 60, par. 20.) Where, as here, the Governor of the asylum State issues a rendition warrant which is regular on its face, a *prima facie* case is made out that the issuance of the warrant was legal and justified. (*People v. Cheek* (1982), 93 Ill. 2d 82, 90; *People ex rel. Hernandez v. Elrod* (1981), 86 Ill. 2d 453, 457.) However, presentation of the warrant does not end the proceeding, and the efficacy of the warrant may be limited or destroyed if the necessary procedural requirements were not complied with. *People ex rel. Ritholz v. Sain* (1962), 24 Ill. 2d 168, 172.

■ The rendition warrant here refers only to a Michigan complaint and warrant, without indicating whether there was an affidavit made before a magistrate. However, in analyzing the basis for the issuance of the rendition warrant, all papers which were before the Governor of the demanding State may be considered. (*People ex rel. Hackler v. Lohman* (1959), 17 Ill. 2d 78, 88-89, *cert. denied* (1960), 361 U.S. 963, 4 L. Ed. 2d 544, 80 S. Ct. 591.) These documents include copies of four complaints subscribed and sworn to before an individual designated as a "District Judge/Deputy clerk/Magistrate." While the sworn complaints can be considered affidavits (see *People ex rel. Dimas v. Shimp* (1980), 83 Ill. App. 3d 150, 155), when viewed in isolation, they do not clearly indicate that the person before whom the complaints were made was a magistrate. (See *People ex rel. Gilarmini v. Elrod* (1978), 59 Ill. App. 3d 258, 260.) This court cannot presume that the affidavits were made before a magistrate; rather, the State must establish this fact. (*People ex rel. Rukavina v. Sain* (1961), 22 Ill. 2d 546, 549.) The requirement that the affidavit be made before a magistrate is designed to guarantee that a judicial officer has determined that probable cause existed for the issuance of the arrest warrant against the accused. (*People ex rel. Coats v. Sain* (1962), 24 Ill. 2d 248, 252.) The signature of a deputy clerk is insufficient. (*People ex rel. Coats v. Sain* (1962), 24 Ill. 2d 248, 252-53.) Therefore, the complaints, if viewed alone, would not meet the requirement of an affidavit made before a magistrate.

■ The arrest warrants accompanying the complaints, however, are signed by a person who is designated as "District Judge/Magistrate." There is authority that the signatures on the warrants may be considered in determining the sufficiency of the signature on the complaints. (See *Dawson v. Beasley* (1962), 242 Ind. 536, 543, 180 N.E.2d 367, 370.) These signatures clearly appear to have been made by the same person who signed the complaints, and clearly designate that that person is a district judge or magistrate. Consequently, the complaints are shown to have been made before a magistrate so as to comply with

the statutory requirements.

However, the affidavit, or other charging instrument, also must be authenticated by the executive authority making the demand. (Ill. Rev. Stat. 1983, ch. 60, par. 20.) The term "Executive Authority" refers to the Governor or person performing the functions of Governor in a State or territory. (Ill. Rev. Stat. 1983, ch. 60, par. 18.) The sole document in the record which is signed by the Governor of Michigan is, essentially, an appointment of an agent to receive custody of Evans. This document contains nothing which could be construed as an authentication of any of the accompanying papers. The prosecutor presented the trial court with all of the papers which were before Governor Thompson when he issued the rendition warrant. None of these documents contain an authentication of the complaints and warrants by the Governor of Michigan.

There is a document executed by the Michigan Secretary of State which indicates that the application for a requisition warrant and the accompanying papers were true and correct copies of the entire record on file with the Secretary of State in this case. In addition, each complaint and warrant is accompanied by a certification by the clerk of the court that the copies of the complaints and warrants are true and correct copies of the original charges, and a certification by a judge of the Michigan district court that the clerk's signature is proper and authentic. However, the requirement of authentication by the executive authority making the demand is not met by certifications of authenticity from the Secretary of State, district judge, or clerk of the court. (*Ex parte Anderson* (1938), 135 Tex. Crim. 291, 293, 120 S.W.2d 259, 260; *People ex rel. Merklen v. Enright* (1926), 217 App. Div. 514, 520, 217 N.Y.S. 288, 294.) Although the Secretary of State noted that all accompanying papers were incorporated in the Michigan Governor's requisition, the document executed by the Michigan Governor did not incorporate any other documents and did not refer to the certification by the Secretary of State. Given the lack of proper authentication by the Governor of Michigan, the trial court correctly granted *habeas corpus* relief to Evans. See *Locke v. Burns* (W.Va. 1977), 238 S.E.2d 536, 539; *People ex rel. Merklen v. Enright* (1926), 217 App. Div. 514, 520, 217 N.Y.S. 288, 294.

Therefore, the judgment of the circuit court of Du Page County is affirmed.

Affirmed.

NASH and HOPF, JJ., concur.