Second Division

July 14, 1998

1-97-1750

BERNARD COHEN,                 ) Appeal from the

) Circuit Court of 

Petitioner-Appellant, ) Cook County.

)

v. ) H.C. No. 50037

)

MICHAEL SHEAHAN, Sheriff of ) 

Cook County, Illinois, ) Honorable

) Thomas R. Fitzgerald,

Respondent-Appellee. ) Judge Presiding.

JUSTICE RAKOWSKI delivered the opinion of the court:

Federal and Illinois law provide that the Governor of Illinois must honor a demanding state's request for extradition where that state presents proper documentation showing that the person is subject to extradition.  In turn, the Illinois Governor must prepare a rendition warrant reflecting the information that the demanding state provided.  A valid rendition warrant is the authority upon which the judiciary executes extradition proceedings.

This appeal turns on whether the rendition warrant, together with the evidence in the record, satisfactorily shows that petitioner is extraditable where neither specifies that petitioner has been charged with a crime in the demanding state.  We find that without such information, petitioner is not subject to extradition.  Accordingly, we reverse. 

FACTS

The uncontested facts are gleaned from petitioner's affidavit filed in support of his petition for writ of 
habeas
 
corpus
.  Petitioner, Bernard Cohen, was driving through Missouri when he was pulled over by police.  The police discovered that petitioner was hauling 100 kilograms of marijuana in his vehicle.  After being taken to a police station and meeting with an attorney, petitioner agreed to cooperate with federal authorities by delivering his vehicle with the marijuana to his contact person in Chicago.  In turn, the federal authorities assured petitioner that he was not and would not be charged with any crime or fingerprinted, photographed, or booked, and that he would be home before he knew it. 

Two days later in Chicago, petitioner made his first attempt to deliver the car and the marijuana, but he was unsuccessful because the contact person was not at the delivery location.  Likewise, petitioner failed to deliver the vehicle and the drugs the next day, and, as a consequence, the law enforcement officer in charge told petitioner that "all deals were off" and that he was going to jail.  Petitioner was ultimately taken to Cook County jail.

Sometime later, the Governor of Missouri made a demand to the Governor of Illinois for the extradition of petitioner.  The Illinois Governor prepared a rendition warrant alleging that petitioner is wanted for trafficking drugs through the State of Missouri.  Respondent, Cook County Sheriff Michael Sheahan, detained petitioner pursuant to the rendition warrant.

Subsequently, petitioner filed a petition for writ of 
habeas
 
corpus
.  The trial court granted respondent's motion to dismiss, and petitioner now appeals.  We have jurisdiction pursuant to Supreme Court Rules 601, 602, and 603.  134 Ill. 2d Rs. 601, 602, 603.

DISCUSSION

Extradition proceedings are summary in fashion and encompass a narrow scope of review.  
People v. Martin
, 208 Ill. App. 3d 857, 860 (1991); 
People ex rel. Shockley v. Hardiman
, 152 Ill. App. 3d 38, 41 (1987); 
Beauchamp v. Elrod
, 137 Ill. App. 3d 208, 211 (1985); see 
People v. Cheek
, 93 Ill. 2d 82, 90 (1982). See 2 R. Ruebner, Illinois Criminal Procedure §7.34, at 7-86 (2d ed. 1997).  The Supreme Court of the United States has mandated that in a 
habeas corpus
 proceeding challenging extradition, the court of the asylum state may only consider: "(a) whether the extradition documents on their face are in order; (b) whether the petitioner has been charged with a crime in the demanding state; (c) whether the petitioner is the person named in the request for extradition; and (d) whether the petitioner is a fugitive."  
California v. Superior Court of California
, 482 U.S. 400, 408, 96 L. Ed. 2d 332, 341, 107 S. Ct. 2433, 2434 (1987); 2 R. Ruebner, Illinois Criminal Procedure §7.34, at 7-86 (2d ed. 1997).   

Focussing on the second category of review, petitioner contends that the Illinois Governor's rendition warrant is legally deficient and cannot be the basis for his extradition because there is no evidence showing that Missouri charged him with a crime.  Specifically, petitioner argues that the warrant is deficient because the record fails to contain or identify either an indictment, an information supported by affidavit, or a warrant supported by an affidavit made before a magistrate.   

Before addressing the merits of petitioner's claim, however, we first dispose of respondent's contention that petitioner waived this argument since he failed to raise it in the trial court.  The waiver rule upon which respondent relies is a limitation upon the parties and is not a limitation upon the court because the court is still charged with reaching a just result.  
Committee for Educational Rights v. Edgar
, 174 Ill. 2d 1, 11 (1996); 
People v. Hoskins
, 101 Ill. 2d 209, 219 (1984).  After review of the rendition warrant in conjunction with the record, we find that this issue is dispositive and elect to address it.

The absolute right of a state to demand extradition of an individual who is in another state stems from the extradition clause of the United States Constitution.  See U.S. Const., art. IV, §2, cl. 2.  Pursuant to the extradition clause, Congress enacted the Extradition Act, requiring asylum states to extradite fugitives upon a demanding state's proper requisition.  See 18 U.S.C. §3181 (1994).  However, to facilitate extradition proceedings, states like Illinois adopted the provisions of the Uniform Criminal Extradition Act (Act) (725 ILCS 225/1 
et seq
. (West 1992)).
  
People ex rel. Hernandez v. Elrod
, 86 Ill. 2d 453, 456 (1981).    

Before an Illinois Governor can lawfully extradite someone to another state, the demanding state's requisition must satisfy the requirements of section 3 of the Act.  Section 3 provides, 
inter alia
, 
that the demanding warrant must be accompanied by a copy of an indictment, an information supported by affidavit, or a warrant supported by an affidavit made before a magistrate.  725 ILCS 225/3 (West 1992).  Section 3 further provides that "[t]he indictment, information, or affidavit made before the magistrate must substantially charge the person demanded with having committed a crime under the law of that state *** and *** be authenticated by the Executive Authority making the demand."  725 ILCS 225/3 (West 1992). 

Upon concluding that the requirements of section 3 have been met by the demanding state, the Governor of Illinois prepares a rendition warrant for the fugitive's arrest and issues it to the law enforcement agencies of Illinois.  A valid rendition warrant "must substantially recite the facts necessary to the validity of its issuance."  725 ILCS 225/7 (West 1992); see 
People ex rel. Ritholz v. Sain
, 24 Ill. 2d 168, 171 (1962).  See generally Illinois Criminal Procedure §42.45, at 84 (1971); 35 C.J.S. 
Extradition
 §16, at 436-37 (1960).  This requires the rendition warrant to certify, 
inter alia
, that the demanding state has charged petitioner with a crime under the law of that state and that the state provided a copy of an indictment, information, or a warrant supported by an affidavit made before a magistrate.  See 
People ex rel. Ritholz
,
 24 Ill. 2d at 171; 
People ex rel. Hackler v. Lohman
, 17 Ill. 2d 78, 85, 87 (1959); 725 ILCS 225/3 (West 1992).  See also Illinois Criminal Procedure §42.45, at 84 (1971); 35 C.J.S. 
Extradition
 §16, at 436-37 (1960).  The court deems the recitals of the rendition warrant as true and accurate absent a showing that they are false.  
People ex rel. Agee
 
v. Elrod
, 93 Ill. App. 3d 1038, 1041 (1981); 
People v. Smith
, 12 Ill. App. 3d 9, 12 (1973); 
People 
ex rel Flowers
 v. Gruenewald
, 390 Ill. 79, 82-83 (1945); see 2 R. Ruebner, Illinois Criminal Procedure §7.34, at 7-87 (2d ed. 1997).   

Where the rendition warrant recites the facts necessary to the validity of its issuance, a 
prima facie
 case is made out that the issuance of the warrant was legal and justified.  
People ex rel. Hernandez
, 86 Ill. 2d at 457; see 
People v. Evans
, 126 Ill. App. 3d 812, 815 (1984); 
People ex rel. Agee
, 93 Ill. App. 3d at 1041; 
Smith
, 12 Ill. App. 3d at 12.  "This 
prima facie
 case for extradition may be overcome only by proof to the contrary."  
People ex rel. Hernandez
, 86 Ill. 2d at 457.  However, where the rendition warrant fails to make the requisite certifications, the rendition warrant is insufficient to be the sole basis for extradition.  
People ex rel Ritholz
, 24 Ill. 2d at 171-72; 
People ex rel. Coats
 v. Sain
, 24 Ill. 2d 248, 250-51 (1962); 
People ex rel. Hackler
, 17 Ill. 2d at 172; 
Evans
, 126 Ill. App. 3d at 815.  2 R. Ruebner, Illinois Criminal Procedure §7.34, at 7-87 (2d ed. 1997).  Nevertheless, the requisition papers introduced into evidence during 
habeas
 
corpus
 proceedings may cure a defective rendition warrant.  
People ex rel. Ritholz
, 24 Ill. 2d at 172; 
People ex rel. Hackler
, 17 Ill. 2d at 88-89; see 
Evans
, 126 Ill. App. 3d at 815.  

The rendition warrant in this case provides in pertinent part:

"The Governor of 
MISSOURI
 demands of me the arrest and delivery of 
BERNARD H. COHEN
 as a fugitive from justice and has tendered to me proper documentation certified as authentic and duly authenticated.  The documentation states that this fugitive, 
on or about the 6th day of January, 1997
, while personally present in the County of 
Newton
 in the demanding State, committed 
Class A Felony of Trafficking Drugs in the Second Degree
, certified to be a crime under the laws of that State, and thereafter fled that State." (Emphasis in original.)

Although the warrant claims that petitioner committed a crime in Missouri, it is silent as to whether a copy of any document charging petitioner with a crime was presented with Missouri's demand for extradition as required by section 3.  Consequently, the rendition warrant is legally insufficient to be the sole basis for extradition because it does not "substantially recite the facts necessary to the validity of its issuance."  725 ILCS 225/7 (West 1992); 725 ILCS 225/3 (West 1992); see 
People ex rel. Ritholz
, 24 Ill. 2d at 171-72; 
People ex rel. Coats
, 24 Ill. 2d at 250-51; 
Smith
, 12 Ill. App. 3d at 10-11.  See also Illinois Criminal Procedure §42.45, at 84-85 (1971).    

Moreover, the record fails to reveal any documents showing that Missouri substantially charged petitioner with a crime.  See 725 ILCS 225/3 (West 1992).  Without a copy of any one of the proper charging documents in the record to cure the rendition warrant's deficiency, we cannot find that the Governor of Illinois was justified in issuing the rendition warrant.  See 725 ILCS 225/3 (West 1992); 
People ex rel. Coats
, 24 Ill. 2d at 250-51; 
People ex rel. Hackler
, 17 Ill. 2d at 89.  We therefore conclude that the rendition warrant and the evidence in the record are legally insufficient to support the extradition of petitioner in the instant case.  
See People ex rel. Coats
, 24 Ill. 2d at 250-51; 
People ex rel. Hackler
, 17 Ill. 2d at 89. 
 
   

For the same reasons, we conclude that the evidence is insufficient to establish that petitioner is a fugitive.  "One is a fugitive from justice, within the meaning of the extradition laws, where it is shown that he was in the demanding State on the date fixed in the charge against him and that he thereafter left the State, and he is a fugitive from the time of such leaving regardless of his purpose or motive in leaving."  
People ex rel. Shockley v. Hardiman
, 152 Ill. App. 3d 38, 45 (1987).  Furthermore, section 2 defines "fugitive" as "any person charged in that State with treason, felony, or other crime, who has fled from justice and is found in this State."  725 ILCS 225/2 (West 1992); 
People ex rel. Shockley
, 152 Ill. App. 3d at 45; see 
People ex rel. Wortman v. Munie
, 354 Ill. 490, 492 (1933); 
People ex rel. Leach v. Baldwin
, 341 Ill. 604, 610 (1930) ("person charged by indictment or by affidavit before a magistrate with the commission within a State of a crime covered by its laws, and who after the date of the commission of such crime leaves the State, no matter for what purpose or with what motive *** becomes *** a fugitive from justice").  

In this case, respondent has failed to proffer any evidence during 
habeas
 
corpus
 proceedings indicating that petitioner has been charged with a crime in Missouri.  As such, he cannot be a fugitive as contemplated by the Act.  Consequently, we need not address petitioner's argument asserting that he is not a fugitive because he did not voluntarily leave Missouri.  

Lastly, petitioner urges this court to grant his petition for writ of 
habeas
 
corpus
 because he has been denied his right to due process and fundamental fairness.  Specifically, petitioner argues his constitutional rights have been violated because the authorities reneged on their promise that he would be released without being charged with any crime in exchange for his cooperation.  This argument is moot in light of the fact that neither the warrant nor the record reflects the existence of substantive charges against petitioner.  

Moreover, even if the rendition warrant or the record properly reflected that petitioner was charged with a crime, we lack the authority to review this issue.  As previously stated, extradition proceedings are summary in fashion and encompass a narrow scope of review.  
People v. Martin
, 208 Ill. App. 3d 857, 860 (1991); 
People ex rel. Shockley
, 152 Ill. App. 3d at 41; 
Beauchamp v. Elrod
, 137 Ill. App. 3d 208, 211 (1985); see 
People v. Cheek
, 93 Ill. 2d 82, 90 (1982).  Challenges addressing the merits of the charges against the accused are outside the scope of our review.  See 
Beauchamp
, 137 Ill. App. 3d at 210.
  As a result, "[t]he asylum forum is generally an inappropriate forum in which to raise constitutional questions that generally are appropriate only when raised as a defense to the underlying criminal charge.  Such claims must be raised initially in the courts of the demanding State where an appropriate remedy can be fashioned."  
Beauchamp
, 137 Ill. App. 3d at 211 (recognizing that Illinois courts have denied extradition based on a violation of fundamental fairness only "where there as been an inordinate delay in the demanding State seeking extradition that is not attributed to the accused"); see also 
People ex rel. Bowman v. Woods
, 46 Ill. 2d 572, 575-76 (1970).  See generally 
People ex rel. Agee v. Elrod
, 93 Ill. App. 3d 1038, 1043 (1981) (whether petitioner's constitutional rights have been violated is not an issue that is properly reviewable by courts of the rendition state).  Thus, we decline to consider petitioner's constitutional challenge. 

Therefore, for the foregoing reasons, we reverse the circuit court of Cook County and 
remand with directions to release the petitioner from custody.

Reversed and remanded with directions.

McNULTY, P.J., and TULLY, J. concur.