**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | Case ID:  0307004986 |
| v. | ) | |
| | ) | |
| DAVID VANSANT, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Submitted:  October 18, 2024
Decided:  December 31, 2024

This 31st day of December, 2024, upon consideration of Defendant's Motion to Invalidate a Detainer, it appears to the Court that:

1.     On May 12, 2004, David Vansant pled guilty to one count of Rape in the First Degree and three counts of Unlawful Sexual Contact in the Second Degree.[1]  These crimes were perpetrated against Mr. Vansant's then 8-year-old daughter.[2]  On July 14, 2004, Mr. Vansant was sentenced to 26 years at Level V, followed by decreasing levels of supervision.[3]

---

[1] Case No. 0307004986, D.I. 23.

[2] Case No. 0307004986, D.I. 2.

[3] State's Mot. to Dismiss and Resp. at 1.

1

2. While incarcerated and awaiting sentencing, Mr. Vansant did not appear at his arraignment for an indictment in New Jersey Superior Court.[4] The New Jersey court issued a warrant for Mr. Vansant's arrest, and lodged a detainer with the Delaware Department of Correction (the "DOC") on July 7, 2004.[5]

3. The DOC sent notice of the detainer to Mr. Vansant on October 24, 2018.[6] On August 15, 2024, Mr. Vansant wrote a letter to the Commissioner of DOC (the "Commissioner"), requesting the Commissioner "immediately invalidate the NJ detainer and take all necessary steps to prevent my transfer to NJ."[7] Mr. Vansant did not receive a response from the Commissioner.[8]

4. Mr. Vansant filed the instant motion on September 12, 2024. He contends the DOC's 14-year delay in notifying him of the detainer violated his rights under the Delaware Uniform Agreement on Detainers (the "UAD").[9] Mr.

---

[4] Id. at 2.

[5] Id.; see Def.'s Ex. 2.

[6] Def.'s Ex. 1.

[7] Def.'s Ex. 3.

[8] Def.'s Mot. to Invalidate a Detainer at 1.

[9] Id.; see 11 Del. C. §§ 2450-2550.

Vansant asks this Court to invalidate the detainer, prevent his extradition to New Jersey, and to "notify NJ regarding their [sic] dismissal of charges because of the rights violation."[10]

5. The State filed a Motion to Dismiss and Response to Defendant's Motion to Invalidate a Detainer on October 14, 2024. The State posited Mr. Vansant's motion must be dismissed because Mr. Vansant failed to serve process on the State properly or join the requisite parties.[11] Alternatively, the State argued Mr. Vansant failed to state a claim upon which relief could be granted.[12] The Court heard oral argument on these motions on October 18, 2024. The Court took the matter under advisement.

6. The State filed a letter on December 23, 2024 to inform the Court that the Governor of New Jersey requested a Governor's Warrant on December 18, 2024 for the arrest and transport of Mr. Vansant to New Jersey. The State advised the Court that the Governor of Delaware issued a Governor's Warrant for Mr. Vansant on December 23, 2024.

---

[10] Def.'s Mot. to Invalidate a Detainer at 1.

[11] State's Mot. to Dismiss and Resp. at 3.

[12] Id. at 4.

7.  The issuance of the Governor's Warrant renders Mr. Vansant's motion moot.[13] "A governor's grant of extradition is *prima facie* evidence that the constitutional and statutory requirements have been met. When a neutral judicial officer of the demanding state has determined that probable cause exists, the courts of the asylum state are without power to review that determination."[14]

8.  As the issuance of the Governor's Warrant moots Mr. Vansant's motion, the Court need not consider the substance nor merits of his argument.

**THEREFORE**, Defendant's Motion to Invalidate a Detainer is **MOOT.**

---

[13] See Beauchamp v. Elrod, 484 N.E.2d 817, 821 (Ill. App. Ct. 1985) ("We need not consider plaintiff's argument that there were material violations of the Interstate Agreement on Detainers… Once the Governor's [W]arrant has been filed … issues relating to any delay in consummating the extradition proceedings are moot."); see also Velasquez v. People, 389 P.2d 849, 850 (Colo. 1964) ("The Governor's [W]arrant for the arrest of Velasquez having issued and having been filed with the court in the pending proceeding, the issue as to whether Velasquez was lawfully arrested in the first instance is not just academic but moot."); see also Olson v. Thurston, 393 A.2d 1320, 1328 (Me. 1978) ("We find petitioner's argument moot at this stage of the proceedings. Once a valid rendition warrant has been issued and executed, questions relating to the illegality of petitioner's prior detention are rendered moot.").

[14] Clay v. Johnson, 127 A.3d 397 (Del. 2015) (internal quotations omitted) (quoting Michigan v. Doran, 439 U.S. 282, 289-90 (1978).

**IT IS SO ORDERED.**

_____
Reneta L. Green-Streett, Judge

RLG/ds
oc:      Prothonotary
cc:      Kevin B. Smith, DAG
          Mr. David Vansant